**THE CAVANAGH LAW FIRM**
A Professional Association

1850 NORTH CENTRAL AVENUE
SUITE 2400
PHOENIX, ARIZONA 85004-4527
602-322-4009
www.cavanaghlaw.com

David A. Selden (007499)
dselden@cavanaghlaw.com
Julie A. Pace (014585)
jpace@cavanaghlaw.com
Jennifer L. Sellers (027448)
jsellers@cavanaghlaw.com
Telephone: 602-322-4009
Facsimile: (602) 322-4101

Attorneys for Plaintiff Jonathan Brindley

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JONATHAN BRINDLEY, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | **1. Violation of Federal Fair Labor Standards Act.** |
| UNITED TECHNOLOGIES, INC. DBA UNI-TECH, JOHN and JANE DOES I-V, and BLACK CORPORATIONS I-V. | **2. Violation of Arizona Wage Act** |
| | **3. Breach of Implied Covenant of Good Faith and Fair Dealing** |
| Defendants. | **Jury Trial Requested** |

Plaintiff Jonathan Brindley ("Plaintiff" or "Mr. Brindley") for his Complaint against Defendant United Technologies, Inc. dba Uni-Tech ("Uni-Tech" or the "Company") alleges as follows:

## THE PARTIES, JURISDICTION, AND VENUE

1.  Mr. Brindley is a resident of Maricopa County, State of Arizona.

2.  Mr. Brindley is a former employee of Uni-Tech.

THE CAVANAGH LAW FIRM, P.A.
LAW OFFICES
1850 NORTH CENTRAL AVENUE, SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

3. Uni-Tech is a corporation incorporated under the laws of the State of Arizona, with its principal place of business located in Maricopa County, Arizona.

4. Uni-Tech has caused acts and events to occur in Maricopa County, Arizona, out of which Mr. Brindley's claims arise.

5. Defendants John and Jane Does I-V are fictitiously named individuals who are residents of Maricopa County, Arizona, or in the alternative, they are foreign residents who have established substantial, continuous, and systematic contacts with the State of Arizona in Maricopa County. The true names and identities of these persons will be supplemented if/when these persons are identified.

6. Defendants Black Corporations I-V are fictitiously named business entities domiciled in the State of Arizona, or in the alternative, they are foreign entities that have established substantial, continuous, and systematic contacts with the State of Arizona in Maricopa County. The true names and identities of these business entities will be supplemented if/when these business entities are identified.

7. Jurisdiction exists in this case because it raises a federal question, specifically a claim under the Fair Labor Standards Act, 29 U.S.C. § 201. This Court also has supplemental jurisdiction over all other claims set forth herein, pursuant to 28 U.S.C. § 1367.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in this judicial district.

9. Mr. Brindley requests a jury trial for all issues triable by jury.

## ALLEGATIONS COMMON TO ALL CLAIMS

11. As an employee of Uni-Tech, Mr. Brindley was a HVAC tech assigned to Luke Air Force base. He also was assigned to work at various municipalities.

12. As part of his employment, Uni-Tech required him to attend training.

13. The information provided at these training sessions were not needed or used by Mr. Brindley in his work for Uni-Tech.

1   14.   Nonetheless, Uni-Tech required these trainings and even mandated that Mr.

2   Brindley reimburse the Company for any training received if he did not remain employed

3   with the Company for at least three (3) years following any specific training session.

4   15.   Uni-Tech has refused to pay Mr. Brindley the $1,371.58 he is owed for

5   wages on the basis that he received training from the Company and did not remain

6   employed with the Company for at least three (3) years following training.

7   16.   The Business Model used by Uni-Tech could result in Mr. Brindley never

8   being able to leave the Company without paying money for training classes that the

9   Company mandates employees to take, thereby purportedly incurring recurrent

10  indebtedness to the Company for mandatory training that the employee may not need or

11  want. The Business Model is a continuous and repeating cycle that has the purpose and

12  effect of imposing a financial penalty upon employees who exercise their rights to accept

13  employment by others and thereby inhibits the free market for labor that is a foundation of

14  the American economy.

15  ## FIRST CLAIM FOR RELIEF

16  ### (Violation of Federal Fair Labor Standards Act)

17  16.   Mr. Brindley realleges and incorporates by reference each and every

18  allegation in the preceding paragraphs of this Complaint as fully set forth therein.

19  17.   Uni-Tech is a business enterprise engaging in interstate commerce and is

20  subject to the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

21  18.   The Fair Labor Standards Act mandates that all employees be paid at least a

22  minimum wage.

23  19.   Specifically, under the Fair Labor Standards Act, employers generally may

24  not make deductions against an employee's compensation that would cause an employee to

25  receive less than a minimum wage. The only exceptions are for reasonable costs associated

26  with board, lodging, and facilities furnished to an employee. 29 C.F.R. § 531.36.

LAW OFFICES
THE CAVANAGH LAW FIRM, P.A.
1850 NORTH CENTRAL AVENUE, SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

20. Because Uni-Tech made a deduction for "training" and Mr. Brindley received no compensation for hours worked, the Company is in violation of the Fair Labor Standards Act.

21. Mr. Brindley is entitled to recover minimum wage for all hours worked for Uni-Tech.

22. Under the Fair Labor Standards Act, Mr. Brindley is also entitled liquidated damages in an amount equal to his unpaid minimum wages. 29 U.S.C. § 260.

23. Under the Federal Fair Labor Standards Act, Mr. Brindley is also entitled to recover his costs and attorneys' fees. 29 U.S.C. § 216.

## SECOND CLAIM FOR RELIEF

### (Violation of Arizona Wage Act)

24. Mr. Brindley realleges and incorporates by reference each and every allegation in the preceding paragraphs of this Complaint as fully set forth therein.

25. The Arizona Wage Act, A.R.S. § 23-350 *et seq.*, requires employers to pay employees promptly all wages due and imposes penalties of triple damages of the amount of unpaid wages for employers who do not pay all wages to employees within the time limits set by law.

26. By refusing to pay Mr. Brindley all the compensation he was due at the time of his separation of employment, Uni-Tech is in violation of the Arizona Wage Act.

27. Uni-Tech is also liable for three times the amount of Mr. Brindley's unpaid compensation pursuant to A.R.S. § 23-355, plus his attorneys' fees.

## THIRD CLAIM FOR RELIEF

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

28. Mr. Brindley realleges and incorporates by reference each and every allegation in the preceding paragraphs of this Complaint as fully set forth therein.

29. The employment relationship between Mr. Brindley and Uni-Tech is contractual in nature as a matter of Arizona law.

LAW OFFICES
THE CAVANAGH LAW FIRM, P.A.
1850 NORTH CENTRAL AVENUE, SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

8320967.2

4

THE CAVANAGH LAW FIRM, P.A.
LAW OFFICES
1850 NORTH CENTRAL AVENUE, SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

1    30.    Each employment contractual relationship in Arizona includes, as a matter of

2  law, an implied covenant of good faith and fair dealing.

3    31.    The implied covenant of good faith and fair dealing included as a matter of

4  law in the employment relationship between Mr. Brindley and Uni-Tech gave Mr. Brindley

5  the right to receive the benefits of the employment relationship to which he is entitled.

6    32.    The implied covenant of good faith and fair dealing included as a matter of

7  law in the employment relationship between Mr. Brindley and Uni-Tech prohibited Uni-

8  Tech from taking action that would deprive Mr. Brindley of receiving the benefits of

9  employment to which he was entitled as a result of the services that Mr. Brindley

10  performed.

11    33.    Uni-Tech's actions as alleged herein in deducting from Mr. Brindley's salary

12  for services that he already performed for Uni-Tech amounts purportedly for training

13  expenses was a breach of implied covenant of good faith and fair dealing.

14    34.    Uni-Tech's action in withholding wages from Mr. Brindley breached the

15  implied covenant of good faith and fair dealing by depriving Mr. Brindley of the

16  compensation that he was entitled to receive as a result of services that he had performed

17  for Uni-Tech.

18    35.    Upon information and belief, the practices of Uni-Tech in requiring that

19  employees sign a document entitled "UNI-TECH Professional Training and Education

20  Policy" was in bad faith because it was intended for the purpose of discouraging

21  employees from resigning their positions with Uni-Tech and discouraging employees from

22  accepting positions with other employers.

23    36.    Upon information and belief, Uni-Tech's bad faith in withholding wages of

24  Mr. Brindley purportedly for training expenses is evidenced by the fact that the amounts

25  withheld exceeded the benefit to him or to Uni-Tech to employees such as Mr. Brindley

26  receiving such training and/or the cost of such training.

27    37.    Upon information and belief, Uni-Tech's policy and practice of deducting

28  amounts from the paychecks of departing employees purportedly for training is a pretext

for Uni-Tech to utilize anti-competitive practices that are not justified by the costs or benefits of training, but that have the purpose and effect of diminishing the competitive, free market for labor services by intimidating employees from deciding to leave Uni-Tech's employment or by imposing financial impediments to employees and potential future employers if employees exercise their right to obtain alternative employment.

## DEMAND FOR ATTORNEYS' FEES AND COSTS

38.     Mr. Brindley is entitled to an award of his attorneys' fees and costs in bringing this action pursuant to 29 U.S.C. § 216, Rule 11, and other applicable rules and law.

## DEMAND FOR RELIEF

WHEREFORE, Mr. Brindley is entitled to Judgment as follows;

A.     For minimum wage, in an amount to be proven at trial;

B.     For liquidated damages in an amount equal to the failure to pay wages as required by the Fair Labor Standards Act.

C.     For treble the amount of wages withheld, in amount to be proven at trial;

D.     For economic and consequential damages, in an amount to be proven at trial;

E.     For statutory interest on the above damages;

F.     For taxable costs;

G.     For reasonable attorneys' fees incurred herein; and

H.     For such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this _23_ day of June, 2017.

THE CAVANAGH LAW FIRM, P.A.

By: _____

David A. Selden
Julie A. Pace
Jennifer L. Sellers
Attorneys for Plaintiff

LAW OFFICES
THE CAVANAGH LAW FIRM, P.A.
1850 NORTH CENTRAL AVENUE, SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000